UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>) **Civil Action No.**<br>v. )<br>)<br>JEFFREY PAUL MATHIESON )  **08 CA 11283 JLT**<br>)<br>FRANK PETERSON, *Chief* )<br>BOSTON MUNICIPAL PROTECTION SERVICES)<br>)  25 July 2008<br>NEWBURY COMICS, INC. )<br>)<br>HANCOCK INSURANCE COMPANY )  MAGISTRATE JUDGE Bowler<br>)<br>JOHN MACDONALD )<br>)<br>*Defendants* ) | |

**VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, PUNITIVE AND COMPENSATORY RELIEF AND REQUEST FOR A JURY TRIAL**

The Plaintiff is bringing this action against the Defendants to protect his constitutional Fourth Amendment right to be free from unlawful seizure of his person and property as a result of a policy and practice of the Boston Municipal Protection Services to inflict unlawful searches and seizures of disadvantaged members of the Public by them in order to weed out alleged shoplifters ("Seize and Search Policy"). This policy is deliberately meant to assist private commercial interests doing business in the City of Boston and is done in conspiracy with them and with their assistance. Strahan is seeking to protect himself and other members of the Public from being similarly victimized by the Defendants.

1.  Strahan is seeking a declaratory judgment affirming that the Defendants violated the Civil Rights Act by infringing on Strahan's rights under the Fourth Amendment when they

falsely arrested and unlawfully imprisoned him on 25 July 2005. He also seeks an order enjoining the Defendants from enforcing their Seize and Search policy in the future against him and any other member of the Public. He is also seeking an award from each of the Defendants of $1,000,000 in compensatory damages and $10,000,000 in punitive damages. Strahan requests a jury trial on his request for declaratory relief and for his requested award for damages

### Background

2.  Plaintiff Strahan is a Public Citizen and an advocate for endangered wildlife. He also petitions members of the Public along the Public right-of-ways in Boston MA in support of his political campaigns.

*Events of July 2005*

3.  Strahan was a long-term customer of Defendant Newbury Comics in 2005. For years he entered its government center store ("Defendants' Store") and purchased comic books and music CDs without incident. He was always invited to come back to the Defendants' Store in the future. At all said times he was personally assured by the Defendants' employees that he would be safe and secure in his person when doing business at the Defendants' Store.

4.  In 25 July 2005 Strahan entered the Defendants' Store to do business with the Defendants. He was interested in buying recent editions of his favorite comic books. On that day he entered the store and directly walked to the back of the Defendants' Store to its comic book section and immediately began to browse the displayed comic books. He did this for ten minutes. At the end of this time he was approached by Defendant MacDonald is a very threatening manner. Defendant MacDonaild said that he was suspicious that Strahan just shoplifted some merchandise. He had heard a suspicious noise coming from the direction where Strahan is standing and this raised in him suspicion. He saw Strahan do nothing wrong he said.  Despite having no evidence of Strahan doing anything wrong, he demanded that Strahan agree to be

searched by him. He demanded that Strahan allow him to search the pockets of Strahan's pants for a possible toy of some kind. He demanded that Strahan allow him to place his hands physically over parts of Strahan's anatomy for the offered purpose of looking for a possible concealed toy. This defendant said it was store policy to stop and detain customers if they are deemed "suspicious" without them actually being seen doing anything wrong. Strahan was then informed that he would not be allowed to leave the store unless he submitted to the physical search of his pockets and person by this defendant. He was told by MacDonald that this was store policy.

5.      Strahan became immediately fearful for his physical safety. After several refusals by Strahan of MacDonald's repeated physical threats, MacDonald screamed out that he was going to get other employees and the police to physically restrain Strahan so that he could be searched by him. He then went to the front of the store to block Strahan's exit and to get other employees to aid him. At this point Strahan felt that he was a prisoner of the Defendants and could not leave the store without being attacked and injured by MacDonald and other employees of Defendant Newbury Comics.

6.      Strahan eventually decided to attempt to escape from the imprisonment of the Defendants. He tried to sneak through the crowded aisles of the Defendants' Store and run out the front door to safety and to call the police. Unfortunately, Strahan was physically blocked by Defendant Mathieson as he neared the front door. He was also approached from behind in the very narrow aisle by MacDonald. Strahan was struck by Mathieson with his hand and shoved back when Strahan tried to go by him. MacDonald then did the same from behind him. A second employee and screamed further threats at Strahan. Strahan was completely box into a very small space by the Store's employees. Strahan demanded that he be set free and allowed to leave the

Store. He pleaded that he did nothing wrong. Once again, MacDonald said that he saw Strahan do nothing wrong and that no other employee of the Store saw Strahan do anything wrong. He was told once again by MacDonald that it was Store policy that anyone deemed suspicious must be subjected to a search of their person by employees before being allowed to leave the Store. He repeated to Strahan that to be seen as suspicious by Store employees was not based on someone doing anything wrong but simply being perceived as suspicious by some subjective test.

7.    Strahan pleaded that the regular Boston Police be called. He shouted out for someone to call the police. Strahan was told by Mathieson that Strahan would he would arrest Strahan for shoplifting immediately because MacDonald would claim that he saw Strahan conceal a toy from the Store on his person. MacDonald readily agreed with Mathieson on his willingness to lie to get Strahan arrested and to lie when he later testified in court in order to get Strahan falsely convicted of shoplifting. The only two choices offered Strahan by Mathieson was for Strahan to allow MacDonald to put his hands in Strahan's pockets and be physically mauled by him or to be arrested for shoplifting. At this point Strahan put his hands in his own pocket and pulled out all the contents in them. He then turned the pockets inside out. Strahan only had a roll of tape, a pen and a wrapper in his pockets. Strahan then told MacDonald that he would bring criminal charges against him and beat him to a pulp on the spot if he did not back off and let him go. At that point MacDonald reached over and grabbed Strahan's roll of tape and told the other Defendants' agents that Strahan could go. As Strahan left the Store he was threatened with trespass arrest by MacDonald and Mathieson if he ever came back to the Store.

8.    After he fled the Defendants' Storm Strahan called up Newbury Comics headquarters and talked to one of its directors. He was eventually told that Newbury Comics had a special agreement with the Boston Municipal Police Services ("Police") – and other Police

departments – to detain children and people who looked like bums in their stores as suspicious and force them to be physically searched by their employees to insure that they had not shoplifted. This tactic was also used to scare children and bums from attempting to shoplift in their stores. Upon information and belief, the Hancock Insurance Company sanctioned this practice instead of using security cameras in Newbury Comics stores to reduce stock losses from shoplifting. There are no security cameras in Newbury Comics stores in order to prevent having their "kidnap and search" tactics from being recorded and used against them in a court of law. .

## The Parties

9.     Plaintiff Richard Max Strahan serves as the Chief Science Officer of Whale Safe USA –– an environmental movement to protect and conserve endangered species of coastal wildlife. His mailing address is P. O. Box 990806, 800 Boylston Street Boston MA 02199.

10.     Defendant Jeffrey Chris Mathieson is a deputized municipal police agent employed by the City of Boston's Boston Municipal Protective Services. He is being sued in his personal capacity and as an agent of the BMPS. His business mailing address is % Boston Municipal Protective Services, One City Hall Plaza, Room 111 Boston MA 02201

11.     Defendant Frank Peterson is the director of the Boston Municipal Protective Services. He is also deputized municipal police agent employed by the City of Boston's Boston Municipal Protective Services. He is being sued in his official capacity and as the Director of the BMPS. His business mailing address is % Boston Municipal Protective Services, One City Hall Plaza, Room 111 Boston MA 02201

12.     Defendant Newbury Comics Inc. is a business incorporated under the laws of Massachusetts. Its business address is 5 Guest Street, Brighton MA 02135.

13.     The Defendant Hanover Insurance Group, Inc. is the insurer for Defendant Newbury Comics. Its business address is 440 Lincoln Street, Worcester MA 01653.

14. Defendant John MacDonald is an employee of Newbury Comics, Inc. government center store in July 2005 during the daytime. He is being sued individually and in his capacity as an employee of Defendant Newbury Comics. His business address is % Newbury Comics, Inc., 5 Guest Street, Brighton MA 02135.

## Jurisdiction and Standing

15. The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (action under the laws of the United States); 42 U. S. C. § 1983 (Civil Rights Act); 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment) and the Massachusetts Civil Rights Act, 12 G. L. M. §§ 11H-11I.

16. Strahan has meets standing requirements of Article III of the Constitution to bring his claims against the Defendants. He was falsely imprisoned by the Defendants and is the subject to the serious prospects of them pursuing similar unlawful actions against him in the future.

## Strahan's Claims Against the Defendants

COUNT I:   *Defendants Violation of the Civil Rights Act by their Violating his Fourth Amendment Right Against Unlawful Seizure of His Body and Property.*

17. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 16.

18. The Defendant conspire to enforce a policy of detaining against their will members of targeted social castes in order to coerce them into unlawful physical body searches by the Defendants and their employees. The Defendants apparent motivation is do prevent shoplifting in Newbury Comics stores by targeting bums and children to be searched capriciously by store employees in the presence of the Police – who willingly are used to intimidate their victims into readily agree to the required body search.

19.     On 25 July 2005, Strahan was unlawfully seized by Defendants Mathieson and MacDonald against his will in the course of these defendants carrying out their Stop and Search program. In so doing they violated his Fourth Amendment right to Freedom from unlawful seizure of his body or property. There is no probable cause for the Police to have made good on their threat to arrest Strahan or to stop him from leaving the Store. The threat of assault and unlawful arrest was inflicted on Strahan in order to get him to agree to being searched by the Store employees. This is a key element of the Defendants' Stop and Search program.

20.     The Defendants do not want to go to the trouble of prosecuting anyone for shoplifting. Instead, they literally use terrorist tactics to terrorize the Public into not shoplifting by exposing anyone remotely engaging in "suspicious" conduct to immediate detention and search. If resisted enough, the Defendants will deliberately fabricated evidence of seeing concealment of merchandise to justify the arrest of innocent people for shoplifting in order to enforce their Stop and Search scheme.

21.     Unless the District Court acts to restrain the Defendants from continuing their said unlawful Stop and Search program,, they will continue to unlawfully imprison children and other members of the Public to coerce them into being searched and falsely arrest other resisting members of the Public in order to enforce and carryout their Stop and Search program..

**Strahan's Claims Against the Defendants Under the Court's Supplemental Jurisdiction**

COUNT II:   *Defendants Violation of the Massachusetts Civil Rights Act by their Violating Strahan's Fourth Amendment Right Against Unlawful Seizure of His Body and Property and His Right to Use a Public Accommodation*

22.     All facts and claims alleged in paragraphs 1 – 21 are incorporated and realleged herein

23.     Defendant MacDonald and the Police falsely imprisoned, physically assaulted, threatened, and stole the property of the Plaintiff on or about 25 July 2005. In so doing, the

Defendants' and their agents interfered with Strahan's enjoyment of his protected rights under the Fourth Amendment and the Massachusetts Constitution to be free in his person and property from unlawful seizure and imprisonment through their use of intimidation and coercion using physical force, the imminent threat of its use, and the threat of arrest for shoplifting. Such interference constitutes a violation of the Massachusetts Civil Rights Act. There is no question that the Defendants have adopted the phony business practice of unlawfully seizing anyone that they deem "suspicious" without supporting evidence and then physically coercing their victims into allowing themselves to be physically assaulted and searched against their will.

24. Strahan suffered horribly from his ordeal. The Defendants stole his property from him that day and to this day he has still not gotten it back. He has not been back to the Store since the said unlawful imprisonment by the Defendants.

25. Unless the Court grants Strahan his requested relief, the Defendants will continue to use said unlawful threats of physical violence to search persons that they construe by prejudice of being "suspicious" and irreparably deny them their rights protect by the Fourth Amendment of the Constitution and law. They will continue to enforce their Stop and Search program against children and other vulnerable members of society.

COUNT V: *Assault and False Imprisonment*

26. All facts and claims alleged in paragraphs 1 – 25 are incorporated and realleged herein.

27. There is no question that on or about 25 July 2005 Strahan was held in physical custody against his will by the Defendants and their agents in the Defendants' Store. Strahan attempted to leave the store but was physically blocked deliberately from doing so by Defendant Doe and another of the Defendants' agents. He was directly shoved by the agent of the

Defendants when he tried to walk by him and was physically threatened with a beating with a dangerous weapon if he repeated his attempts to get by him. Strahan then persistently demanded to be allowed to leave the Defendants' Store and the Defendant Doe and the Defendants' Agent repeatedly refused to cease their active physical restraint of Strahan.

28. The false imprisonment went on for many minutes till Strahan demonstrated that he had no toy in his pocket or on his person and threatened the MacDonald and the Police with criminal charges if they did not let him go.

29. Unless the Court grants Strahan his requested relief, the Defendants will continue to use said unlawful threats of physical violence to search persons that they construe by prejudice of being "suspicious" and irreparably deny them their rights protect by the Constitution and law

COUNT VI: *Slander and Libel*

30. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 29.

31. The Defendants deliberately lied to members of the Public in the Store on 25 July 2008 that Strahan was doing something wrong. They injured his reputation. This was deliberate and part of the Defendant Stop and Search program. The Defendants deliberately seek to "shame" a victim of theirs into agreeing to be searched and then to prevent them from complaining about it after the fact. In so doing the Defendants injured Strahan's reputation and his ability to do Outreach with the Public.

## PRAYER FOR RELIEF

I. For a judgment declaring on 25 July 2006 that Strahan was falsely imprisoned and arrested by the Defendants as part of their unlawful Stop and Search Program.

II. For a judgment declaring that the Defendants -- commencing at least by 2005 or before -- engage in a practice and policy of the described Stop and Search program in which they have repeatedly and unlawfully detained and falsely imprisoned numerous members of the Public in violation of law and unlawfully coerced members of the Public into unlawful searches of their persons and bags in order to unlawfully intimidate them and other members of the Public from shoplifting.

III. For a judgment declaring that the Fourth Amendment protects the rights of members of the Public to enter and exit stores and other business without being physically interfered with when they chose to leave.

IV. For an order enjoining the Defendants from further enforcement of their said unlawful Stop and Search program.

V. For an order enjoining the Defendants interfering with Strahan's physical movements in and out of any Newbury Comics store. .

VI. For an award of $1,000,000 in compensatory damages from each of the Defendants.

VII. For an award of $10,000,000 in punitive damages from each of the Defendants.

VIII. For an award of the Plaintiffs direct costs of prosecution against the Defendants.

IX. For any further relief that the Court deems appropriate.

BY: _____
Richard Max Strahan
P. O. Box 990806
800 Boylston Street — The Prudential Center
Boston MA 02199
617.233.3854
maxx@whalesafe.org

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this twenty-first day of July in the year two thousand and eight.

_____
Richard Max Strahan